IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| MAURICE DEMAN HALL | § | |
| VS. | § | CIVIL ACTION NO. 9:23-CV-12 |
| JOHNA V. PUNTES | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Maurice Deman Hall, an inmate previously confined at the Gib Lewis Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Johna V. Puntes.

The action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Defendant filed a motion to dismiss the action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff filed a response, and the matter is now ripe for review.

Factual Background

Plaintiff received a correspondence denial form from Defendant Puntes on January 13, 2022, while he was confined at the Gib Lewis Unit. On the form, Defendant Puntes stated that a letter addressed to Plaintiff was confiscated because it contained a suspicious substance. Plaintiff was notified that he would not be allowed to return the correspondence to the sender, and that the decision was not appealable through the Director's Review Committee. (ECF No. 1-4 at 1.) Plaintiff filed a Step 1 grievance about the confiscation of his correspondence. (ECF No. 1-6 at 1-2.) The grievance was returned without a written response with a notation that the grievable time period

had expired. Plaintiff filed a Step 2 grievance, but he alleges that he did not receive a response to that grievance. (ECF 1-6 at 3-4.)

## Motion to Dismiss

Defendant moved for dismissal of the action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendant asserts that the claims for money damages against Defendant in her official capacity should be dismissed because they are barred by the Eleventh Amendment. Defendant claims that Plaintiff is barred from receiving compensatory damages because he has not met the requirements of 42 U.S.C. § 1997e(e). Defendant contends that Plaintiff has failed to state a claim that the confiscation of his property violates his constitutional rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution or the Contracts Clause as alleged in Plaintiff's complaint. Finally, Defendant contends she is entitled to qualified immunity.

## Standard of Review

Under Federal Rule of Civil Procedure 12(b)(1), the district court has the authority to dismiss an action for lack of subject matter jurisdiction based on: (1) the complaint alone, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). The court generally can decide disputed issues of material fact in order to determine whether or not it has jurisdiction. *Montez v. Dep't of the Navy*, 392 F.3d 147, 149 (3rd Cir. 2004).

Federal Rule of Civil Procedure 12(b)(6) permits the dismissal of a complaint if it fails to state a claim upon which relief may be granted. A complaint does not need detailed factual allegations, but the plaintiff must allege sufficient facts to show more than a speculative right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a

claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face. *Id*. at 570. Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Id*. at 555. The plaintiff must plead facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## Analysis

### I. Eleventh Amendment Immunity

It is well-settled that the Eleventh Amendment bars a suit in a federal court against a state unless the sovereign has unequivocally expressed a waiver of its immunity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-99 (1984); *Pace v. Bogalusa City Sch. Bd.*, 325 F.3d 609, 613 (5th Cir. 2003). State officials sued in their official capacity are not liable for damages under 42 U.S.C. § 1983 because they assume the identity of the government that employs them. *Hafer v. Melo*, 502 U.S. 21, 27 (1991). Therefore, to the extent that the defendant is sued in her official capacity, she is immune from liability with respect to Plaintiff's constitutional claims for damages. In addition, any claims against the defendant in her official capacity arising under the Texas Tort Claims Act are also barred by the Eleventh Amendment. *Sherwinski v. Peterson*, 98 F.3d 849, 851-52 (5th Cir. 1996) (holding that the Texas Tort Claims Act does not waive sovereign immunity to being sued in federal court).

### II. Physical Injury

Title 42 U.S.C. § 1997e(e) bars a prisoner from recovering money damages for emotional injuries unless the prisoner also suffered a physical injury. *See Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005) (holding that Section 1997e(e) applies to all civil actions in which a prisoner alleges

a constitutional violation). The statute provides as follows: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." In interpreting the statute, the Fifth Circuit has said that the physical injury must be more than *de minimis*, but need not be serious. *See Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir.1997) (holding that the Eighth Amendment standard applies when determining whether a prisoner has sustained a physical injury which would support a claim for mental or emotional suffering). Because Plaintiff does not allege a physical injury or the commission of a sexual act, he is barred from receiving compensatory damages for any claims of mental or emotional injury he might have suffered as a result of the confiscation of his property.

III. *Qualified Immunity*

Defendant contends she is entitled to qualified immunity. The doctrine of qualified immunity affords protection against individual liability for civil damages to officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity is intended to protect all officials, except those who are plainly incompetent or who knowingly violate the law. *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Federal courts use a two-part test to determine whether the defendants are entitled to qualified immunity. *Freeman v. Texas Dep't of Crim. Just.*, 369 F.3d 854, 863 (5th Cir. 2004). The first prong of the test requires the court to determine whether the plaintiff's allegations, if true, establish a constitutional violation. *Hope*, 536 U.S. at 736; *Freeman*, 369 F.3d at 863. If a constitutional right was violated, the court must decide whether the right was clearly established at the time of the

violation. *Freeman*, 369 F.3d at 863. Clearly established rights should not be defined broadly. *Mullenix v. Luna*, 577 U.S. 7, 12 (2015). "For a constitutional right to be clearly established, its contours 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful; but it is to say that in the light of pre-existing law the unlawfulness must be apparent.'" *Hope*, 536 U.S. at 739 (*quoting Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

The district court has discretion to decide which prong of the two-part test to address first. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). In this instance, the court will first determine whether Plaintiff has alleged facts establishing a violation of his constitutional rights.

*A. Eighth Amendment*

"The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Gates v. Cook*, 376 F.3d 323, 332 (5th Cir. 2004). Thus, the Eighth Amendment's prohibition against cruel and unusual punishment requires that the conditions of confinement are humane and that inmates receive adequate food, shelter, clothing and medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001).

With respect to claims concerning prison conditions, the court must consider whether society considers the risk of harm to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). The deprivation must be so serious as to "deprive prisoners of the minimal civilized measures of life's necessities," such as when it denies the prisoner some basic human need. *Wilson v. Seiter*, 501 U.S. 294, 304 (1991);

*Gates*, 376 F.3d at 332-33. In addition to demonstrating that the alleged deprivation is sufficiently serious, the plaintiff must show that the defendant possessed a sufficiently culpable state of mind. *Herman*, 238 F.3d at 664. A prison official cannot be found liable under the Eighth Amendment unless the official knows of, and consciously disregards, a substantial risk to an inmate's health or safety. *Farmer,* 511 U.S. at 840-41.

The confiscation of one piece of correspondence did not deprive Plaintiff of the "minimal civilized measures of life's necessities." Further, Plaintiff has not demonstrated that the defendant disregarded an excessive risk to Plaintiff's health or safety by confiscating the correspondence. As a result, he has failed to state an Eighth Amendment claim upon which relief may be granted.

    B. *Fourth Amendment*

Plaintiff contends the defendant violated his rights under the Fourth Amendment to be free from unreasonable searches and seizures. Analysis of a Fourth Amendment claim begins with determining whether the Plaintiff had a reasonable expectation of privacy. *See Hudson v. Palmer*, 468 U.S. 517, 525-26 (1984) (holding that a prisoner does not have a legitimate expectation of privacy in his prison cell). "A prisoner's rights are diminished by the needs and exigencies of the institution in which he is incarcerated." *Elliott v. Lynn*, 38 F.3d 188, 190 (5th Cir. 1994). Prisoners retain, at best, a very minimal Fourth Amendment interest in privacy. *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002). With respect to the inspection and confiscation of incoming correspondence, prisoners do not have an expectation of privacy in their mail, which is routinely inspected for contraband outside their presence. *Prescott v. Johnson*, No. 6:18cv577, 2022 WL 672694, at *17 (E.D. Tex. Mar. 7, 2022) (unpublished); *cf. Walker v. Navarro Cnty. Jail*, 4 F.3d 410, 414 (5th Cir. 1993) (holding in First Amendment context that prison officials have a "legitimate security interest

in opening and inspecting incoming mail for contraband). Because Plaintiff did not have a reasonable expectation of privacy with respect to his incoming correspondence, his Fourth Amendment claim fails to state a claim upon which relief may be granted.

### C. Equal Protection

Without providing further explanation, Plaintiff alleges he was denied equal protection. In order to establish a violation of the Equal Protection Clause, the plaintiff must demonstrate that he was treated differently than other similarly-situated individuals, and that the unequal treatment stemmed from a discriminatory purpose. *Priester v. Lowndes Cnty.*, 354 F.3d 414, 424 (5th Cir. 2004). A discriminatory purpose "implies that the decision maker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effect on an identifiable group." *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001).

In this case, Plaintiff has not shown that the defendant acted with a discriminatory purpose, that Plaintiff is a member of an identifiable group, or that he was treated differently than other similarly-situated individuals. As a result, the equal protection claim fails to state a claim upon which relief may be granted.

### D. Due Process

Plaintiff claims that he was denied due process when his correspondence was confiscated in accordance with prison policies concerning contraband. In *Stauffer v. Gearhart*, 741 F.3d 574 (5th Cir. 2014), a Texas prisoner claimed that TDCJ employees violated his right to due process when the mailroom staff confiscated the plaintiff's magazines pursuant to correspondence rules for inmates participating in the Sex Offender Treatment Program. The United States Court of Appeals for the

Fifth Circuit held that the TDCJ grievance process was sufficient to provide the plaintiff with due process. *Stauffer*, 741 F.3d at 587.

In this case, Plaintiff was given notice that his correspondence was confiscated because it contained a suspicious substance, and the TDCJ grievance process was available as a means for him to challenge Defendant's decision. Although Plaintiff did not receive a response addressing the merits of the Step 1 grievance he filed, that was due to Plaintiff's failure to follow the procedural rules concerning the time limit for filing a grievance. Because Plaintiff was provided with notice of the deprivation and an opportunity to challenge that deprivation through the grievance process, Plaintiff has not stated a claim upon which relief may be granted.

### IV. Contracts Clause

The Contracts Clause of the United States Constitution prohibits states from passing any laws impairing the obligation of contracts. U.S. CONST. ART. 1, § 10. Plaintiff does not allege any facts from which the court could conclude that the defendant has violated the Contracts Clause. The purported trust document Plaintiff submitted in support of his claim is not signed by Defendant or any other state employee, and it has nothing to do with his incarceration. Thus, this claim should be dismissed for failure to state a claim.

### V. State Tort Claim

Finally, Plaintiff has asserted a Texas state cause of action for negligence. In accordance with 28 U.S.C. § 1367(c), the district court may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction. As the federal claims should be dismissed, the court should decline to exercise supplemental jurisdiction over the state law claim.

Recommendation

Defendant's motion to dismiss should be granted.

Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court, except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 28th day of February, 2024.

_____
Zack Hawthorn
United States Magistrate Judge